IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **ROSA MANDUJANO,** <br><br> **Petitioner**, <br><br> **v.** <br><br> **UNITED STATES OF AMERICA,** <br><br> **Respondent**. | ) ) ) ) ) ) ) ) ) ) | **1:05-CV-1098 AWI** <br><br> **(No. 03-cr-5199 REC)** <br><br> **ORDER ON PETITIONER'S REQUEST FOR RELIEF UNDER 28 U.S.C. § 2255** <br><br> (Doc. No. 1) |

Petitioner Rosa Mandujano ("Petitioner") seeks relief under 28 U.S.C. § 2255 from the sentence of 57 months custody in the Bureau of Prisons that was imposed by the Court on March 9, 2005, following Petitioner's entry of a plea of guilty to Mail Fraud, Conspiracy to Commit Money Laundering, and Forfeiture. For the reasons that follow, the Court will deny the petition in part and receive additional briefing.

**Background**

On November 22, 2004, pursuant to a plea agreement, Petitioner pled guilty to Mail Fraud, Conspiracy to Commit Money Laundering, and Forfeiture. Pursuant to the plea bargain, Petitioner agreed to waive her right to appeal and her right to collaterally attack her conviction; however, the plea also expressly stated that Petitioner "reserves the right to appeal her sentence." Court's Criminal Docket Doc. No. 115. The plea bargain document included an explanation of maximum sentences for each offense, an express waiver of constitutional rights including the right to a jury trial, right to counsel, and the right to have certain findings made by a jury beyond a reasonable doubt, the factual bases for the charged offenses, and that the loss attributed to Petitioner's conduct was between $7 and $20 million. See id. The government also agreed to a

downward departure. See Court's Civil Docket No. 7.

On March 9, 2005, Judge Coyle sentenced Petitioner to a term of 57 months in the bureau of prisons, 36 months supervised release, and joint and several restitution with co-defendants for $8,836,537. See Court's Criminal Docket at Nos. 127, 128. Petitioner did not file an appeal. On August 26, 2005, Petitioner filed this 28 U.S.C. § 2255 motion. Petitioner's motion alleges that she received ineffective assistance of counsel because: (1) counsel did not explain the consequences of signing the plea agreement, that is, that she was waiving her constitutional rights; (2) counsel did not file a direct appeal despite Petitioner's request to do so; (3) counsel did not show Petitioner the Pre-Sentence Report ("PSR"); (4) Rule of Criminal Procedure 11 was violated because counsel did not explain that signing the plea agreement waived her rights; and (5) the rule of *Booker* was violated. See Court's Civil Docket at Nos. 1, 2. Pursuant to a court order, the government responded to Petitioner's § 2255 motion and argued that Petitioner was improperly seeking to appeal her conviction despite an express waiver of her appeal rights in her plea bargain agreement.[1] See id. at No. 7.

## Legal Standard

*General 28 U.S.C. § 2255*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159

[1] The government also requested additional time to respond to the substance of the motion if the Court deemed it necessary.

(9th Cir.1996). Mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing. United States v. Howard, 381 F.3d 873, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard, 381 F.3d at 877.

*Ineffective Assistance of Counsel*

Because claims of ineffective assistance of counsel usually implicate the validity of plea agreements that are secured through the efforts of the allegedly ineffective counsel, those claims are generally not considered waived by plea agreements.[2] See United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005). This test applies to challenges to guilty pleas based on ineffective assistance of counsel claims. Hill v. Lockhart, 474 U.S. 52, 58 (1985); Jeronimo, 398 F.3d at 1155. To prove a deficient performance of counsel, the petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985); see also Jeronimo, 398 F.3d at 1155. Courts considering ineffective counsel claims "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; Jeronimo, 398 F.3d at 1155. To show prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A court addressing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test if the petitioner's showing is insufficient as to one prong. Strickland, 466 U.S. at

[2] For this reason, the Court does not find that Petitioner has waived the claims of ineffective assistance of counsel that are contained in Petitioner's petition.

697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. In the context of a plea bargain, the prejudice requirement is met by showing that, but for counsel's alleged errors, the petitioner would have rejected the plea offer and insisted on going to trial. See Hill, 474 U.S. at 57-59; Womack v. McDaniel, 497 F.3d 998, 1002 (9th Cir. 2007); Weaver v. Palmateer, 455 F.3d 958, 967 (9th Cir. 2006).

In the context of a failure to timely file a direct appeal, the court must employ a fact-based analysis to determine if counsel's failure to file was unreasonable. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). However, an attorney's failure to file an appeal where there is clear instruction by the defendant to do so is professionally unreasonable, and a petitioner need not show that an appeal likely has merit. See United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005) (citing Flores-Ortega, 528 U.S. at 477; United States v. Peguero, 526 U.S. 23, 28 (1999)). When a petitioner claims that his attorney disobeyed instructions to file a direct appeal, the Ninth Circuit has explained:

> If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen. The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true.

Sandoval-Lopez, 409 F.3d at 1198.[3]

## Petitioner's Arguments

### 1. Unknowing & Involuntary Plea Based On Counsel's Ineffectiveness & Violation of Rule of Criminal Procedure 11 (Ground Nos. 1 and 4)

Petitioner states that her counsel did not explain the consequences of signing her plea agreement, that is, that she was waiving her constitutional rights. Petitioner states that, as a

---

[3] The Court notes that the Third Circuit has recently disagreed with *Sandoval-Lopez*. The Third Circuit argues that *Sandoval-Lopez* improperly expands *Flores-Ortega* in that *Flores-Ortega* did not involve a plea bargain that contained a waiver of the right to appeal. See United States v. Mabry, 536 F.3d 231, 239-42 (3d Cir. 2008). *Mabry* held that a waiver of appellate rights precluded the claim that Mabry's counsel did not file an appeal as requested. See id.

result, her plea was involuntary. Petitioner also states that she did not agree with the amount of loss that was used to enhance the sentence and that no evidence or issue was presented to a jury. Petitioner states that Rule 11 was violated because her attorney did not explain to her that she was waiving her constitutional rights.

**Discussion**

With respect to Petitioner's contention that the amount of loss was incorrect, there is no further elaboration or explanation as to how or why the amount of loss is incorrect. At the plea colloquy (at which Petitioner was aided by a translator), Petitioner admitted that the factual background as described by the government was correct. See Transcript of November 22, 2004. The factual background included the amount of loss. See id. Further, the same amount of loss as read by the government at the plea colloquy was included as part of the plea agreement. See Court's Docket Doc. No. 15. At the plea colloquy, Petitioner stated that the plea agreement had been interpreted for her, that she understood the plea agreement, and that everything in the plea agreement was true. See Transcript of November 22, 2004. Petitioner did not say that the amount of loss was incorrect. See id. Petitioner has failed to allege or show either a deficient performance by counsel or prejudice with respect to the amount of loss. See Strickland, 466 U.S. at 687; Weaver, 455 F.3d at 967.

With respect to "advisement of rights" errors, Petitioner has failed to allege or show that, but for the deficient performance of her counsel, or but for the errors during the Rule 11 colloquy,[4] that she would have not pled guilty and would have insisted on a trial. See Hill, 474 U.S. at 57-59; Weaver, 455 F.3d at 967; United States v. Dawson, 193 F.3d 1107, 1110 (9th Cir. 1999); United States v. Jaramillo-Suarez, 857 F.2d 1368, 1370 n.2 (9th Cir. 1988); see also Peguero, 526 U.S. at 28; United States v. Dominguez Benitez, 542 U.S. 74, 83 & n.9 (2004). In other words, the petition fails to allege or show prejudice.

---

[4] A review of the plea colloquy indicates that Rule 11 was not fully followed and some of items of Rule 11(b) were not discussed. See Transcript of November 22, 2004. The plea agreement does list and explain those Rule 11(b) rights that were not discussed during the plea colloquy. Petitioner has not identified how Rule 11 was violated or how the particular violation prejudiced her; she has not explained that she would not have taken the plea agreement if Rule 11 had been fully complied with.

Accordingly, neither a hearing nor relief is warranted under these grounds. See Strickland, 466 U.S. at 687; Weaver, 455 F.3d at 967; Howard, 381 F.3d at 877; Dawson, 193 F.3d at 1110; Hearst, 638 F.2d at 1194.

**2. Failure To Help Petitioner Regarding Her PSR** (Ground No. 3)

Petitioner argues that her counsel never helped in the process of her PSR or rebutted any of the accusations in the PSR.

**Discussion**

Conclusory allegations of inaccuracies in a PSR are insufficient to show prejudice under *Strickland.* United States v. Popoola, 881 F.2d 811, 813 (9th Cir. 1989). Further, where it does not "affirmatively appear in the record that the court based its sentence on improper information," relief is not warranted. Id. Petitioner does not identify what inaccuracies were in the PSR or whether those inaccuracies (if any) were material or had any impact on the sentence. Accordingly, neither a hearing nor relief is warranted under this ground. See Howard, 381 F.3d at 877; Popoola, 881 F.2d at 813; Hearst, 638 F.2d at 1194.

**3. *Booker* Error**

As part of a memorandum in support of her motion, Plaintiff states that *Booker* error occurred. As the government response rightly points out, most of the memorandum appears to be a recitation of legal citations that came from a different prisoner's case and there is a conspicuous absence of factual allegations that relate to Petitioner's case. Relief under § 2255 is not warranted because Petitioner has not alleged any facts that show a *Booker* error, but instead has merely made unsupported legal conclusions, cf. Howard, 381 F.3d at 877, and, after advisement by the Court at the plea colloquy and as part of the plea agreement, Petitioner expressly waived the right to have a jury decide certain facts as would otherwise have been required under *Blakely/Booker*. Cf. United States v. Cortez-Arias, 425 F.3d 547, 548 n.8 (9th Cir. 2005); United States v. Grinard-Henry, 399 F.3d 1294, 1296-97 (11th Cir. 2005). Accordingly, neither a hearing nor relief is warranted under this ground. See Grinard-Henry, 399 F.3d at 1296-97;

Howard, 381 F.3d at 877; Hearst, 638 F.2d at 1194.

**4. Failure To File A Direct Appeal** (Ground No. 2)

Petitioner alleges that, after she was sentenced, she requested that her counsel file an appeal, but counsel failed to file an appeal and instead told her that there was nothing to appeal.

**Discussion**

Petitioner has alleged a viable claim for relief. See Roe, 528 U.S. at 477; Peguero, 526 U.S. at 28; Sandoval-Lopez, 409 F.3d at 1198-99. If Petitioner did in fact direct her counsel to file an appeal and he failed to do so, then his conduct was professionally unreasonable, the original sentence would be vacated, and then be reimposed so as to permit a timely appeal. See Sandoval-Lopez, 409 F.3d at 1199.

However, the Court does not believe that it has sufficient information to render a decision at this time. The court finds that the most efficient way forward is to direct Petitioner's attorney to submit a declaration setting forth facts that are relevant to the issue of whether Petitioner instructed him to file an appeal after Petitioner was sentenced.

THEREFORE, in consideration of the foregoing, it is hereby ORDERED that:

1. Not later than fourteen (14) days from the date of service of this order, Petitioner's attorney, Tomas Nunez, shall file a declaration setting forth such facts as are known to him that pertain to discussions he may have had with Petitioner regarding Petitioner's intent to file a notice of appeal, in particular whether Petitioner actually directed him to file an appeal; and
2. Mr. Nunez shall include in his declaration any other facts that may be pertinent to this inquiry (as explained in United States v. Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005)).

IT IS SO ORDERED.

**Dated: December 23, 2008**

**/s/ Anthony W. Ishii**
CHIEF UNITED STATES DISTRICT JUDGE