IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA MANDUJANO,           )<br>                                              )<br>  Petitioner,           )<br>                                              )<br>  v.                        )<br>                                              )<br>UNITED STATES OF AMERICA,    )<br>                                              )<br>  Respondent.          )<br>_____) | 1:05-CV-1098  AWI<br><br>(No. 03-cr-5199  REC)<br><br>ORDER FOR A RESPONSE<br>FROM THE GOVERNMENT ON<br>PETITIONER'S REQUEST FOR<br>RELIEF UNDER 28 U.S.C. § 2255 |

On December 24, 2008, this Court issued an order that disposed of most of the issues raised by Petitioner in her 28 U.S.C. § 2255 motion.  See Court's Criminal Docket Doc. No. 150.  However, the Court was unable to resolve Petitioner's contention that she requested that her attorney file an appeal, but he refused to do so.[1]  See id.  The Court ordered Petitioner's attorney, Tomas Nunez, to file a responding declaration.  See id.  On January 12, 2009, Nunez filed his responding declaration.  See id. at Doc. No. 151.  In the declaration, Nunez declares that Petitioner never requested that he file an appeal of any kind.  See id.  In light of the allegation made by Petitioner and Nunez's responding declaration, it is appropriate for the government to file a response.

Under *Sandoval-Lopez*, where a defendant timely notifies his attorney that the defendant wishes to file an appeal, even where the right to appeal has been waived by the defendant in a negotiated plea agreement, the court must presume prejudicial ineffective assistance of counsel if the notice of appeal is not filed.  United States v. Sandoval-Lopez, 409 F.3d 1193, 1197-98 (9th Cir. 2005).  In such a case, the court must grant the writ, and vacate and reenter judgment

---

[1] Pursuant to the plea bargain, Petitioner agreed to waive her right to appeal and her right to collaterally attack her conviction; however, the plea also expressly stated that Petitioner "reserves the right to appeal her sentence."  Court's Criminal Docket Doc. No. 115.

allowing the defendant to file a notice of appeal. Id. at 1198. Where there is a contested issue of fact as to whether there was a clear instruction by the defendant to his attorney to file a notice of appeal, the court is obliged to hold an evidentiary hearing to determine whether the instruction was, in fact, given. Id.

> Alternatively, the government may choose not to oppose [the defendant's] petition and to let him appeal. The government might choose this alternative to free itself from the restraint of the plea bargain, or because getting the appeal dismissed would be less work than an evidentiary hearing.
>
> If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen. The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the [government] does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true. The case at bar is a particularly plain instance of where "ineffective assistance of counsel" is a term of art that does not mean incompetence of counsel. It may be very foolish to risk losing a [favorable] plea bargain in an appeal almost sure to go nowhere, in a major [drug] case. Nevertheless the client has the constitutional right, under [Roe v. Flores-Ortega, 528 U.S. 470 (2000)] and [Puguero v. United States, 526 U.S. 23 (1999)], to bet on the possibility of winning the appeal and then winning a acquittal [or a more favorable sentence], just as a poker player has a right to hold the ten and queen of hearts, discard three aces, and pray that when he draws three cards, he gets a royal flush.

Id.

Accordingly, IT IS HEREBY ORDERED that the government shall file a response to the claim made by Petitioner and the responding declaration of Tomas Nunez within fourteen (14) days of service of this order.

IT IS SO ORDERED.

**Dated:   January 16, 2009**          /s/ **Anthony W. Ishii**
                                    CHIEF UNITED STATES DISTRICT JUDGE