1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **ROSA MANDUJANO,** | ) | **1:05-CV-1098  AWI** |
| | ) | |
| **Petitioner**, | ) | **(No. 03-cr-5199  REC)** |
| | ) | |
| v. | ) | **ORDER DISMISSING CASE** |
| | ) | **FOR FAILURE TO FOLLOW** |
| **UNITED STATES OF AMERICA,** | ) | **LOCAL RULES AND FAILURE** |
| | ) | **TO RESPOND TO ORDER** |
| **Respondent**. | ) | |
| _____ | ) | (Doc. Nos. 142, 157) |

On December 24, 2008, this Court issued an order that disposed of most of the issues raised by Petitioner in her 28 U.S.C. § 2255 motion and required Petitioner's former attorney to respond.  See Court's Criminal Docket Doc. No. 150.  On January 12, 2009, Petitioner's former attorney filed his responding declaration.  See id. at Doc. No. 151.  The Court shortly thereafter ordered the United States to file a response.  See id. at Doc. No. 152.  On February 2, 2009, the United States filed a response.  See id. at Doc. No. 155.  The United States indicated that Petitioner had been released and a review of the docket indicated that filings mailed to Petitioner's last known address were returned as undeliverable with a notation, "not here, released."  See id. at Doc. No. 154.  Under the Local Rules, all parties, including those appearing *in propria persona*, are under a continuing duty to notify the Court of their current address or telephone number.  See Local Rules 83-182(f).  Due to the strain on the Court's docket and the failure to show interest in these proceedings, the Court ordered Petitioner to show cause why this case should not be dismissed.  See id. at Doc. No. 157.  The time for responding has now passed and Petitioner has failed to respond.

Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions… within the inherent power of the Court." "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order or failure to follow Local Rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with Local Rule); In re Eisen, 31 F.3d 1447, 1456 (9th Cir. 1994) (dismissal for lack of prosecution); Ferdik, 963 F.2d at 1260-61 (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order, the Court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at 1424; Thompson, 782 F.2d at 831.

Here, the first, second, and third factors favor dismissal as this matter has been pending since 2005 and this Court has an impacted docket. The fifth factor also favors dismissal as Petitioner's participation in these proceedings is necessary and the Court is unaware of any less drastic alternatives, especially given that it has issued an order to show cause why the case should not be dismissed. Because Petitioner has not responded to the order to show cause and has violated the Local Rules by not providing the Court with a current address, the balance of factors favor dismissal. See id.

1    Accordingly, IT IS HEREBY ORDERED that Petitioner's 28 U.S.C. § 2255 petition is

2  DISMISSED and the Clerk is to CLOSE this case.

3

4  IT IS SO ORDERED.

5  **Dated:   March 4, 2009**                    /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28